**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 18 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARSHALL S. SANDERS, As Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990; LYDIA O. SANDERS, As Trustee of the Marshall and Lydia Sanders Trust Dated April 20, 1990, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BANK OF AMERICA, N.A.; et al., <br><br> Defendants-Appellees. | No. 16-55430 <br><br> D.C. No. 8:15-cv-00935-AG-AS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted July 11, 2017[**]

Before:     CANBY, KOZINSKI, and HAWKINS, Circuit Judges.

        Marshall S. Sanders and Lydia O. Sanders appeal pro se from the district

court's judgment dismissing their diversity action related to a deed of trust.  We

---

        [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291.  We affirm.

In the Sanders' opening brief, the Sanders failed to address any of the grounds for dismissal and have therefore waived their challenge to the district court's order.  *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("[W]e review only issues which are argued specifically and distinctly in a party's opening brief." (citation and internal quotation marks omitted)); *Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived).  Even if we were not to consider waiver, the district court did not abuse its discretion in dismissing the Sanders' action because the second amended complaint failed to set forth "a short and plain statement of the claim showing that [the Sanders are] entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1996) (setting forth standard of review and recognizing that "[p]rolix, confusing complaints . . . impose unfair burdens on litigants and judges"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (Rule 8 requires a short and plain statement of a claim that gives the defendant fair notice of the claim and its basis).

**AFFIRMED.**

16-55430